STATE OF VERMONT

| | | |
|---|---|---|
| Town of Colchester | } | |
| | } | Vermont Environmental Court |
| v. | } | Docket No.  207-12-97 Vtec |
| | } | |
| Lawrence Major, Jr. and | } | |
| Mary Jane Major | } | |
| | } | |

| | | |
|---|---|---|
| | } | |
| In re: Appeal of | } | Vermont Environmental Court |
| Lawrence Major, Jr. and | } | Docket No. 211-11-99 Vtec |
| Mary Jane Major | } | |
| | } | |

| | | |
|---|---|---|
| | } | |
| In re: Appeal of | } | Chittenden County, SS. |
| Lawrence Major, Jr. and | } | Chittenden Superior Court |
| Mary Jane Major | } | Docket No. S 1187-99 CnC |
| | } | |

Decision and Order on Motion for Judgment

In Docket No. 207-12-97 Vtec, the Town of Colchester brought an enforcement action against Defendants Lawrence Major, Jr., and Mary Jane Major related to their year-round occupancy of property which the Town asserts may only be occupied on a seasonal basis.  In Docket No. S 1187-99 CnC, Appellants Lawrence Major, Jr., and Mary Jane Major appealed from the Town's denial of approval for their sewage system under §1801.1(g) of the 1997 Zoning Regulations.  The Town of Colchester is represented by Richard C. Whittlesey, Esq.; the Majors are represented by Carl H. Lisman, Esq.

In an earlier related case, Docket No. E97-078, filed before the Town's Zoning Regulations were amended to expand the procedure for applying to the ZBA for conversion from seasonal to year-round occupancy, the Court had upheld the Town's December 2, 1996 Notice of Violation, based on the Majors' failure to appeal conditions in 1993 and 1994 permit decisions requiring their seasonal use to remain seasonal.  Because the Majors did not further appeal the Court's decision in Docket No. E97-078, in the present

1

enforcement case the Court issued a decision granting partial summary judgment that they cannot contest that they were in violation as of the date of the Notice of Violation.

Because the Colchester Zoning Regulations were amended in September, 1997, to provide a procedure for approval of year-round occupancy, the Court allowed the Majors to make such application, and held the enforcement case in abeyance while that application was ruled on by the ZBA. A prerequisite of approval by the ZBA is approval of the Majors' sewage disposal system by the town official who administers Chapter 8 of the Town's Health Regulations, "in accordance with said Health Regulations." §1801.1(g) of the Zoning Regulations.

The Majors' application for approval of the sewage disposal system was denied and has been appealed to Chittenden Superior Court in Docket No. 1187-99 CnC. Based on that denial, the Majors' application for approval of year-round occupancy was denied by the ZBA and has been appealed to Environmental Court in Docket No. 211-11-99 Vtec. All the pending matters were consolidated for an evidentiary hearing, which was held before Merideth Wright, as Environmental Judge and specially assigned as superior judge for the Chittenden Superior Court case. With regard to that case, the Assistant Judges were unavailable. 4 V.S.A. §112.

At the conclusion of the evidentiary hearing, the parties agreed that one legal issue which had arisen during the hearing should be resolved by the Court before the remaining issues should be briefed, as it had the potential to conclude a substantial portion of the case. Accordingly, the Majors moved for judgment as a matter of law on the issue of whether the Chapter 8 Town Health Regulations were properly adopted or are invalid.

Effective July 1, 1970, by Executive Order 26-70, the Governor transferred to the Agency of Environmental Conservation the authority formerly exercised by the state Department of Health relating to, among other things, "the disposal of solid wastes of all types, including sewage, and the granting of permits with regard to buildings or land." This transfer did not transfer the authority of the state Board of Health or state Commissioner of Health to approve municipal regulations relating to on-site sewer systems. Rather, it

2

transferred authority for certain direct regulatory programs not at issue in the present case, such as the state subdivision permitting program and the state public buildings permitting program.

In July of 1971, the enabling statute for town health regulations, including on-site sewage systems,[1] was 24 V.S.A. §613, which then provided in pertinent part that:

> A local board of health may make and enforce rules and regulations in such town or city relating to the prevention, removal, or destruction of public health hazards and the mitigation of public health risks, provided that such rules and regulations have been approved by the [state] commissioner [of health].

The local Board of Health is composed of the town Health Officer and the Selectboard of the town. 24 V.S.A. §604.

Chapter 8 of the Colchester Ordinances, entitled "Health Regulations" was adopted by a unanimous vote of the five-member Colchester Selectboard, acting as the Board of Health but without the participation of the town Health Officer, on July 13, 1971. At the time, the town Health Officer was Mrs. Carolyn Bessette, who did not participate in that vote or appear at the Selectboard meeting.

---

[1] Under §613(b), added in 1984 (P.L. No. 117, 1983(Adj. Sess.), § 3), the local board of health's authority to adopt "ordinances, rules or regulations relating to design standards for on-site sewage disposal systems" was eliminated, due to the new authority and procedure governing on-site sewage ordinances enacted as 24 V.S.A. Chapter 102.

By letter dated July 28, 1971, the state Commissioner of Health[2] informed the Colchester Selectboard that

> I hereby approve your regulations subject to two conditions:
> 1.  That the maximum width of leach trench stated under [6.06 - now §8-13] be 30" instead of the proposed 36";
> 2.  That under Section [6.11 - now §8-18] the "40%" reduction of absorption area be reduced to "25%."
> Upon receipt of this letter, you may [formally? generally?] adopt these regulations at a regular or special selectmen's meeting.

Chapter 8 of the Colchester Ordinances was amended by a vote of the Selectboard on August 10, 1971 to make the two changes required by the state Commissioner of Health.

Appellants first argue that Chapter 8 was never properly adopted by the Colchester Board of Health, but only by the Selectboard. Although the town Health Officer does not appear to have been present, the records reflect that at the July 1971 meeting, the Selectboard members were sitting as the Board of Health for the purposes of adopting Chapter 8. As their vote was unanimous, the town Health Officer's absence from the meeting and the vote does not deprive the Board of Health of a quorum or invalidate the action. Chapter 8 was approved by the state Commissioner of Health conditioned on certain changes being made; those changes were adopted promptly in August 1971.

On June 29, 1972 the town Board of Health, including all five members of the Selectboard plus Town Health Officer Bessette, adopted an amendment to what was then §6.01 of Chapter 8. It was signed as "Approved, Vermont State Board of Health" by the state Commissioner of Health. However, this amendment did not readopt the 1971 ordinance, and therefore Chapter 8 as a whole was never approved by the state Board of Health, even if the amended §6.01 was approved by the state Board of Health.

---

[2] The copy of this letter obtained from the Department of Health files is unsigned and is stamped "COPY." The presumption of regularity applied to actions of state officials is sufficient to support an inference that the original which went out to the Selectboard was signed by the Commissioner.

In 1984, the Legislature enacted a specific procedure for town adoption and state approval of on-site sewage ordinances.  24 V.S.A. Chapter 102;  P.L. No. 117, 1983 (Adj Sess)§1.  Section five of the bill as enacted also provided for the transfer of existing state Health Department regulations related to individual on-site sewage systems from the state Health Department or Commissioner of Health to the then-Secretary of Environmental Conservation, effective July 1, 1984.  That section also deemed the transferred Health Department regulations to have been adopted under 24 V.S.A. 3632.

The first two subsections of §3633 provide in full as follows:

(a)  A municipality may adopt an ordinance under chapter 59 of this title relating to sewage systems.
(b)  The ordinance shall not take effect until it is approved by the department of environmental conservation as being at least as stringent as the minimum standards under section 3632 of this title.

However, §3633(d) also provided a savings clause for municipal on-site sewage ordinances adopted under prior law.  Such ordinances which had been approved before July 1984 under 18 V.S.A. §613 by the state Board of Health were allowed to remain in effect and to be deemed to have been adopted and approved under this section.  On the other hand, such ordinances which were approved before July 1984 by the state Commissioner of Health were allowed to remain in effect only until either the ordinance was approved by the Department of Environmental Conservation under §3233, or until July 1, 2000[3], whichever should occur first.

Chapter 8 of the Colchester Health Regulations has not been approved by the Department of Environmental Conservation.  In 1985, the Department sent a letter to the Town noting that the Department's records failed to show any approval having been granted to the Town under §613.  The letter requested that the Town inform the Department if that information was incorrect; no response from the Town to that letter is found in the Department's file.  During the course of the present litigation, the Town supplied the Department with Chapter 8, the Health Commissioner's approval letter, and

---

[3]  This date was initially 1997, and was extended to 1998 and then to 2000.

the minutes of the August 1971 Selectboard meeting. In November 1999, the Department warned the Town that because the approval appeared to have come from the state Commissioner of Health, the ordinance would not remain in effect for purposes of state approval under 24 V.S.A. §3233 after the July 1, 2000 deadline.

Because Chapter 8 of the Colchester Health Regulations was only approved by the state Commissioner of Health, and has not been approved by the Department of Environmental Conservation under 24 V.S.A. §3233, it will expire on July 1 of this year.


The parties should note that this decision on the motion for judgment as a matter of law does not address certain other legal issues raised in these consolidated cases: whether the reference in Chapter 8 to "any applicable regulations of . . . the Agency of Environmental Conservation" incorporates by reference the state Environmental Protection Rules (EPRs) or, if it does, which edition of those rules is incorporated. Moreover, this ruling does not address whether either Chapter 8 or the EPRs exempts the Majors' sewage disposal system as an existing system.

Accordingly, we will hold a telephone conference with the parties on Thursday, June 29, 2000, at 10:00 a.m., to determine whether additional issues should be briefed, and in what sequence, or whether any additional evidentiary hearing is necessary.

Done at Barre, Vermont, this 26th day of June, 2000.



_____
Merideth Wright
as Presiding Judge, Chittenden Superior Court,

and

as Vermont Environmental Judge

6